**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| EPHANTUS WAKABA KANYIRI, | NO. C09-1667-JLR-BAT |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, | |
| Respondent. | |

I.      INTRODUCTION AND SUMMARY CONCLUSION

On November 20, 2009, petitioner Ephantus Wakaba Kanyiri filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. No. 6.) He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. On January 11, 2010, the government filed a motion to dismiss, arguing that petitioner's habeas petition should be dismissed as moot because petitioner received an individualized bond hearing before an Immigration Judge on December 14, 2009, and was ordered released from custody under bond in the amount of $15,000. (Dkt. No. 11.) The government asserts that because petitioner has received the relief sought in his habeas

petition, his petition is moot and should be dismissed. *Id.* On February 4, 2010, petitioner filed a motion for voluntary dismissal of his case. (Dkt. No. 14.) The government opposes the motion and argues that the Court should dismiss the petition as moot rather than pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 15.)

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be granted, and this matter be dismissed as moot.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Kenya who was admitted to the United States as a lawful permanent resident on August 23, 2003. (Administrative Record ("AR") at R36.) On July 7, 2008, petitioner was convicted in the Superior Court of Washington for King County of Taking a Motor Vehicle Without Permission in the Second Degree, and two counts of Unlawful Issuance of Checks or Drafts, and was sentenced to seventeen months incarceration. (AR L244, L238.) On November 8, 2007, petitioner was also convicted in the Renton Municipal Court of Theft in the Third Degree. (AR L289.)

On August 14, 2008, the Department of Homeland Security ("DHS") issued a Notice to Appear, placing petitioner in removal proceedings and charging him as subject to removal under Section 237(a)(2)(A)(i) of the Immigration and Nationality Act ("INA"), for having been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or more may be imposed, and under INA § 237(a)(2)(A)(ii), for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct. (AR L116-18.) Petitioner completed his criminal sentence and was transferred to ICE custody at the Northwest Detention Center on or about June 4, 2009. (AR R129; Dkt. No. 6 at 1.)

On July 1, 2009, petitioner appeared for a bond hearing but withdrew his bond request and no action was taken by the Immigration Judge ("IJ"). (AR L165.) On September 15, 2009, the IJ issued a written decision denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him removed to Kenya based on the charges contained in the Notice to Appear. (AR L455-60.) Petitioner timely filed an appeal of the IJ's removal order to the Board of Immigration Appeals ("BIA"). (AR L371.)

On November 23, 2009, petitioner filed a motion for a bond redetermination hearing, however, the motion was returned because it was not filed correctly. (AR L373-74.) Nevertheless, on December 8, 2009, the Immigration Court scheduled petitioner for a bond hearing on December 14, 2009. (AR L375.) On December 14, 2009, appeared for an individualized bond hearing before an IJ who ordered that petitioner be released from custody under bond in the amount of $15,000. (AR L501.)

On January 29, 2010, the BIA denied petitioner's appeal of the IJ's removal order. On February 4, 2010, petitioner timely filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a request for a stay of removal. *See Kanyiri v. Holder*, No. 10-70353 (9th Cir. 2010). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay of removal was automatically issued. *See id.* Petitioner's petition for review remains pending in the Ninth Circuit.

On February 4, 2010, petitioner filed a motion for voluntary dismissal of his habeas corpus action in this Court. (Dkt. No. 14.) Petitioner states that "his case is still pending before the Board of Immigration Appeals and because he does not know what the Board will be ruling on his case he moves for voluntary dismissal." *Id.* at 1. Respondent opposes the motion for voluntary dismissal and argues the Court should dismiss the petition as moot. (Dkt. No. 15.)

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See id.* Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231.

Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A). During the 90 day removal period, continued detention is required. INA § 241(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6). The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

The removal period begins on the latest of the following:

(i)     The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B)(emphasis added). Thus, pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien

continues to be detained under INA § 236(a) until the court renders its decision.  *See Prieto-Romero*, 534 F.3d at 1059.

In *Prieto-Romero*, the Ninth Circuit held that aliens who are in immigration detention pending judicial review of an administratively final order of removal are entitled to an individualized bond hearing before an Immigration Judge.  *Prieto-Romero*, 534 F.3d at 1053.  The Ninth Circuit determined that even though an alien's continued detention is authorized by INA § 236(a), "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'"  *Prieto-Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. 678, 690-91 (2001)).  The Court thus held that an alien has the right to contest the necessity of his detention before a neutral decision maker and an opportunity to appeal that determination to the BIA.  *See Prieto-Romero*, 534 F.3d at 1066 (citing 8 C.F.R. § 236.1(d); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)(holding that "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to community at large, likely to abscond, or otherwise a poor bail risk.")).

In the present case, the Ninth Circuit has issued a stay pending its review of petitioner's administrative removal order.  *See Buldakov*, No. 09-73904.  Because his removal order has been stayed by the Ninth Circuit pending its review of the BIA's decision, the removal period has not yet begun and INA § 236(a) still applies.  *See id*.  As respondent asserts, however, the record shows that on December 14, 2009, petitioner was provided an individualized bond hearing before an Immigration Judge where he was given the opportunity to present evidence in support of his release.  The IJ ordered that petitioner be released from custody under bond of $15,000.  (AR L501.)  Because petitioner has received all of the relief sought in his habeas petition, his

petition is now moot and should be dismissed. *Prieto-Romero*, 534 F.3d 1053 (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008)(dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing). (Dkt. No. 19.)

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's motion for voluntary dismissal be DENIED, that respondent's motion to dismiss be GRANTED, and this matter be DISMISSED as moot. A proposed order accompanies this Report and Recommendation.

DATED this 16th day of February, 2010.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge